May it please the Court and thank you, Your Honors. My name is Roman Rector and I represent the appellant in this matter, Richard Dean Thorson. With Your Honor's permission, I will forego a statement of the facts and limit the procedural history to the pertinent matter. Your Honors, since this case was filed, there have been significant rulings by both the United States Supreme Court in Pace and in Evans v. Chavez, and also in the Ninth Circuit with Bonner v. Carey and Gaston v. Palmer. These cases have quite a significant effect on the case at hand, and at this time I would just like to open up to Your Honor's questions regarding the case. For me, the critical inquiry is what does Robbins mean? The citation to Robbins, does that mean, we've said in the context of procedural default that that means a timeliness, that the California Supreme Court was invoking a timeliness rule, but my question to you is does it also mean that the Court is denying the petition on the grounds that it was unreasonably timed? Well, I believe that an individual... So how do we understand, how should we look at Robbins? Your Honor is correct in that when the California Supreme Court denied the petitioner's case at the California Supreme Court level, they stated, quote, denied C. Enray Robbins. And I believe with the decision in both Carey v. Saffold and Evans v. Chavez, I believe the Federal Courts, including the Ninth Circuit, can't hold, can't rely on anything based on that ruling. I believe that unless the Court... Based on which ruling? Based on Robbins? Enray Robbins, yes. I believe... Why not? Because the Ninth, or the U.S. Supreme Court has specifically said that the lower courts, the state courts, must have a ruling regarding, quote, timeliness. And while Enray Robbins is a case regarding timeliness, the Supreme Court essentially said that the Ninth Circuit and the Federal Courts couldn't simply rely on that kind of ruling, that they must make an independent determination. Well... Why? I mean, it... I don't mean to... No, no, go ahead. If... One of the Supreme Court cases said, well, if the state court rules it untimely, that's an end of the matter. And so what we're trying to figure out is, is that what happened? And why else would they be citing that page at Robbins if they weren't saying that this is untimely? Like, Your Honors, I believe that the assumption is probably correct. One could probably assume Enray Robbins, you know, denied Enray Robbins, it's a timeliness issue. But I believe the Supreme Court has said very squarely, Federal Courts, you can't rely on that. You must have an explicit statement from the lower state court regarding timeliness. And if there is no explicit statement regarding timeliness, the Ninth Circuit or the lower court, the district court, must make a finding regarding timeliness. If I remember correctly, and you can correct me if I'm wrong, but in Staffel that was denied the California Supreme Court's denial, when denying the petition there, they said, they used the term, not unreasonable delay, but lack of diligence. Lack of diligence. They didn't cite Enray Robbins. They used the term lack of diligence. That is correct. And you would think that one could assume that the words, quote, lack of diligence from the California Supreme Court would mean an untimely filing. And I think in Kerry versus Staffold, and then again in Evans versus Chavez, the United States does not assume nothing. Do not assume that. Well, they said that that was invoking their timeliness, but the question was whether it was unreasonable. Well, the question does go to reasonableness. And is it reasonable and justified? It's still the California standard, unlike many other state standards, does not have a number of days. It's a reasonableness standard. So if my client's delay was both reasonable and justified, it is timely. But if his filing was not reasonable and not justified, it was not timely. You see, the California Supreme Court could say, we're busy and we just want to have a code. And when we say one, it means it's untimely. If we say two, it means that it was not raised in the lower court. And if it's three, and then thereafter they just say denied one, wouldn't we be able to look at that and say, well, we know now that means it's untimely? That is correct, Your Honor. Well, isn't that what they explained they were doing in Robbins? I agree with Your Honor. I agree that that makes sense. That reasoning makes sense. But it appears that the United States Supreme Court doesn't believe that that makes sense. You're relying on Evans. Is that right? Sir? You're relying on Evans when you make that statement. Yes, Your Honor. Did you bring that to the attention of the court, the case? Have you given the citation? I did not bring it. Well, will you do it? Will you make out a slip, give it to your opponent, and give it to us at the end of your argument? When was that decided? Evans v. Shotton was decided on January 10th of 2006, Your Honor. All right. Well, that's fine. But just bring it to everybody's attention, the citation. Thank you, Your Honor. Where? I wonder where we've been going here. We seem to be getting a phone call from... All right. What's he pointing toward? I have no idea. Thank you, Your Honor. The case of Evans v. Chavez I don't really believe helps my client very much. And I'm not arguing in favor of it, saying that it really helps my client. These cases, the line of cases by both the United States Supreme Court and both the Ninth Circuit, Your Honor, seem to hurt my client. And they clarify and give almost time limits, a six-month time limit and a one. And... Well, what case really helps your client? Your Honor, none of the recent decisions really help my client. None of them. Well, let me see if I can put your best argument, what I think might be your best argument, which is that the citation to Robbins, although it invokes the timeliness rule, it does not necessarily mean that they decided that it was unreasonably timely. Exactly. Isn't that what your best argument is? Absolutely, Your Honor. Absolutely. Okay. If you were to read Robbins that way, you know, in the procedural bar context, we've the timeliness rule is, though it may be independent, it's not adequate in procedural bar context, not in this gap tolling, equitable gap statutory tolling context. Correct. But even if you were to conclude that Robbins did not stand for an unreasonable delay, if you look at here, it was 14 months. And under Salfie, they sent it back to us and said, well, you guys figure out if it's unreasonable delay. And in Chavis, they did the same thing there. So why isn't 14 months here just unreasonable? 14 months here is not unreasonable because of the purpose of what they did between the superior court filing and the fifth DCA filing. My client was looking for evidence, witnesses who could help this case. He was looking for newly discovered evidence or at least evidence to contradict what was stated at trial squarely. He was unable to find that evidence. But I believe it's always prudent for a habeas lawyer or an appeals lawyer, especially a habeas lawyer, to go out and find and at least search for evidence that may be applicable in the subsequent habeas filings. And I believe the appropriate time to do that would be just before the filing to the superior court or just after the filing to the superior court, as in this case. Your Honor, I'd like to reserve the rest of my time for Robbins. Okay. Thank you. May it please the Court. I'm Catherine Chapman for the California Warden. First of all, I would like to address the Court's questions regarding the citation to N. Ray Robbins. N. Ray Robbins is a significant California Supreme Court case in which the specific issue to be addressed was, the Court said, in particular to address the question of timeliness of claims advanced in State habeas petitions at page 778. And again, at page 779, we issued an order to show cause in these cases to analyze the timeliness issue and to explain in the context of specific claims how the timeliness rules are applied by our Court. At 780, they set out the specific analytical framework that the Court uses in detail. Page 780 is the specific page cited to in the California Supreme Court order. Is it clear from the discussion in Robbins whether they're talking about untimeliness in filing in the Supreme Court, or are they talking about untimeliness in lower courts as well? They speak of the timeliness standards in the California Supreme Court that I believe they say in our Court. We have seen the Courts of Appeal adopt this standard. And obviously, if it's the California Supreme Court standard, they're bound by that. Well, I guess what I'm kind of getting at is when they say, denied C. N. Ray Robbins that page, are they saying it took too long to get to us? Yes, Your Honor. I would agree with that. And this is because each court in California has original jurisdiction and state habeas petitions. So they're not reviewing the lower court. They aren't looking at that specific interval between filings. They're looking at how long did it take this prisoner to get to our court from the time of his conviction. So I would say a citation to N. Ray Robbins is clearly a citation meaning that the prisoner was untimely. Do you mean that the California Supreme Court, if a prisoner waited a long, long time and then went to the Superior Court and then immediately appealed to the Court of Appeals, the Court of Appeal, and then went to the Supreme Court two weeks after his denial in the Court of Appeal, the Supreme Court might say, well, this is untimely, even though he's here within two weeks of his denial by the Court of Appeal, this is an original written. It's two years since he was convicted. Absolutely, Your Honor. And that's similar to what happened in this case because Mr. Thorson actually proceeded from the Court of Appeal to the California Supreme Court with a matter of, I believe, three weeks or so. So they are looking at his conduct from the time of conviction. And of course, in this case, the delay of more than a year between filings and between denial in the Superior Court and filing in the Court of Appeal stands out as an extraordinarily long period of time for someone seeking state habeas relief. So every time they cite Henry Robbins, they're saying that there was unreasonable delay. Yes, Your Honor. But if you read Robbins, they don't use the term unreasonable. Well, they divide up the analysis as saying that the petitioner must establish the absence of substantial delay, good cause for the delay. If he fails to establish those things, then the petition is untimely. And they state that on page 780, close to page 781, they say a claim that is substantially delayed without good cause and hence is untimely. Let me ask. There was something there. Another way of saying unreasonable. Unreasonable. How do we? Does our case law, Bennett v. Mueller, I think King v. Lamarck, in the procedural default context, the way we've expressed our understanding, at least in the procedural default, that it's not adequate. That is, in Ray Robbins' time in this role, it's not. We've not yet said it's adequate in the procedural default. Does that have any application here at all? No, Your Honor. Entirely different, correct? It does not for four. I would say for four reasons. The first being, any discussion of procedural default doctrine is notably absent from the discussions in Pace, in Chavez, in Saffold. No discussion of it whatsoever. Chavez, in fact, specifically remarked on the circuit panel's reliance on a procedural default case, Hunter v. Aspero, and commented that reliance on that was inappropriate because that case concerned an entirely different issue of federal habeas corpus law. And finally, well, two more reasons. Artuse specifically, Artuse v. Bennett, which I don't believe is cited in any of the cases, but I would be happy to provide supplemental briefing on this issue. But Artuse specifically states that the question whether an application has been properly filed is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar. And finally, I would just say that as an analytical matter, it makes sense because procedural bar is a judicially created doctrine based on deference to state court findings. Statutory tolling is a matter of a federal statute and is defined by that statute. And finally, I would just like to remark that... Let me ask you one other question. Suppose they had just announced it was just a lack of diligence. What would we take from that? We see that sometimes in the orders... Does that mean it's unreasonable? Yes. That would have to mean that it was unreasonably delayed because... No, they didn't say that. They just said lack of diligence. Correct. And that comes from another formulation in Harris wherein the court said a petition must be filed within a reasonable time of when petitioner or his counsel knew or with due diligence should have known of his claims. And we see the court occasionally taking the lack of diligence shorthand from that and putting it in their orders. It means the same thing. Well, is there a difference between saying lack of diligence and not citing Henry Robbins? And do we have any idea why they would say one would... It's, to the best of my understanding, and this is just from my experience in practice, it's a matter of personal preference, whichever judges are writing the order. That's Cal Supreme Court. And, yes. Yes. So either lack of diligence or a cite to Henry Robbins means unreasonable delay. Sometimes they cite also to Henry Clark, which is the other very significant... Or Henry Harris. Correct. More often we see Robbins and Clark. Those seem to be the significant timeliness cases that the court is following. And finally, I would like to just remark that even if this court found that the citation to Henry Robbins was not a clear citation of timeliness that bars this petition, then the court must go back and look at that year gap between the Superior Court denial and the filing in the Court of Appeal. And under Gaston v. Palmer and under Evans v. Chavez, Mr. Thorsen cannot prevail. He cannot obtain statutory tolling for that lengthy period of time because Chavez says six months is too long. Not only too long, but far too long. And Gaston says gaps of 10 months, 15 months, and 18 months are too long. So... Well, by your calculation, I assume if indeed the California Supreme Court denied this is untimely, then it was never properly filed. It was not properly filed. So time... Even if he was timely up through the Court of Appeal, he's running out of... Well, he'd use some time before he even started in Superior Court. What happens in that case, if we rely simply on that petition not being properly filed, then the statute begins to run again on the Court of Appeal denial on March 2, 2001, and expires 252 days later on November 8, 2001. Federal petition was not filed until January 31, 2002. And of course, if we apply Chavez to the year gap, then the statute of limitations expires much sooner, March 26, 1999, more than a year before the federal petition was filed. Does the Court have any questions? Thank you very much. Thank you. To answer your question, Your Honor, I believe you were alluding to the Federal Rule of Appellate Procedure 28J when I was speaking of the Chavez case. Council did do a 28J, Federal Rule 28J filing, and included the Chavez decision, and I was just simply trying to clarify my position vis-a-vis her argument. And just in closing, very briefly, Your Honor, Chavez says that a six-month delay is too long if it's unreasonable and justified. And I would just like to argue here that the delay was reasonable and was justified in looking for the evidence that he needed to bring to the Court in the new habeas petition. Thank you, Your Honor. Thank you. We appreciate your arguments. The matter will be submitted. Thank you. Our next case is United States v. Zabaleta.
judges: Canby, Noonan, Paez